IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| KARL CHISM, | ) | |
| | ) | |
| Plaintiff, | ) | No. 23-1544 |
| | ) | |
| v. | ) | Filed: December 21, 2023 |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Karl Chism filed a *pro se* Complaint in this Court on September 5, 2023. *See* Pl.'s Compl., ECF No. 1.[1] The basis for Mr. Chism's claims arise from an encounter he had with state law enforcement officials. *Id.* at 1. In his Complaint, Mr. Chism alleges that he placed a gun on the dashboard of his car after being stopped by State of Colorado Patrol Officers. *Id.* He alleges that the officers took his gun after a "standoff [that] lasted a couple of hours[,]" that the state failed to return the gun to him after charges had been filed, and that the state issued a "warrant without due process of law." *Id.*

Although Mr. Chism names the United States in the case caption, he does not identify any actions taken by the United States that underlie his claims. Rather, his claims are premised on the

---

[1] The Court received Plaintiff's completed application to proceed *in forma pauperis* ("IFP") on November 7, 2023. *See* IFP Application, ECF No. 9. A court may waive the filing fees and allow a plaintiff to proceed IFP if he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Whether to allow a plaintiff to proceed IFP is left to the discretion of the presiding judge, based on information submitted by the plaintiff. *Thompson v. United States*, 99 Fed. Cl. 21, 24 (2011). Based on a review of his application, the Court finds that requiring Mr. Chism to pay the full filing fee would present considerable hardship. Thus, Mr. Chism's IFP Application is granted.

actions of the "seven officers that stole the gun at the roadside, . . . [the] Judge, and [the] Prosecutor." *Id.* at 6. Mr. Chism requests "a stay on [the] unlawful warrant[,]" the return of his gun, and $2,250,000 in damages. *Id.* Because the Court lacks jurisdiction over Mr. Chism's claims, the Complaint is **DISMISSED** *sua sponte* pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").

## I. LEGAL STANDARDS

Pursuant to the Tucker Act, the subject-matter jurisdiction of this Court is limited to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act "does not create a substantive cause of action" but rather requires a plaintiff to "identify a substantive source of law that creates the right to recover money damages against the United States." *Rick's Mushroom Serv. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). Although a *pro se* plaintiff's pleadings are "held to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), they must still demonstrate this Court's jurisdiction. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017).

"Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). "If the court determines . . . that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3); *see Allen v. United States*, No. 2020-2143, 2022 WL 186067, at *2 (Fed. Cir. Jan. 20, 2022).

## II.  DISCUSSION

### A.  Plaintiff's Complaint Does Not Allege an Action Against the United States.

Plaintiff's Complaint must be dismissed because the allegations do not implicate the United States.  Under the Tucker Act, "the *only* proper defendant for any matter before [the Court of Federal Claims] is the United States." *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (emphasis in original) (citing *Sherwood*, 312 U.S. at 588); *see Winston v. United States*, 465 F. App'x 960, 961 (Fed. Cir. 2012).  "[I]f the relief sought is against others than the United States, the suit must be ignored as beyond the jurisdiction of the court." *Sherwood*, 312 U.S. at 588; *see Upshaw v. United States*, 755 F. App'x 980, 981–82 (Fed. Cir. 2018).  This limit on the Court's jurisdiction thus excludes "claims alleged against states, localities, state and local government entities, [and] state and local government officials and employees." *Harvey v. United States*, 149 Fed. Cl. 751, 765 (2020) (internal quotations omitted) (quoting *Weir v. United States*, 141 Fed. Cl. 169, 177 (2018)).

According to Plaintiff's Complaint, the alleged seizure of Mr. Chism's gun was perpetrated by State of Colorado Patrol Officers, not the federal government.  *See* ECF No. 1 at 1, 6.  In his request for monetary relief, he seeks $250,000 per each of the "seven officers that stole the gun at the roadside, . . . [the] Judge, and [the] Prosecutor." *Id.* at 6.  Because Mr. Chism has not asserted a claim against the United States based on the alleged unlawful conduct of the United States, his Complaint must be dismissed for lack of jurisdiction.[2]

---

[2] To the extent Mr. Chism seeks review of actions related to his alleged arrest and prosecution, including an order to stay the "unlawful warrant," ECF No. 1 at 6, this Court also lacks jurisdiction. *Cochrun v. United States*, 621 F. App'x 655, 656 (Fed. Cir. 2015) ("[T]he [Court of Federal Claims] does not have the jurisdiction to review state court convictions."); *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011) ("[T]he [Court of Federal Claims] correctly stated that it has no jurisdiction over criminal matters generally.").

B.     **Plaintiff Fails to Identify a Money-Mandating Source of Law.**

This Court also lacks jurisdiction because Mr. Chism has not identified any money-mandating source of law that creates a right to recover money damages from the United States, as required by the Tucker Act.

First, Mr. Chism alleges a violation of the Northwest Ordinance and refers to "compact documents of the Organic law[.]" *Id.* at 2–3.  These "compact documents" appear to include the Articles of Confederation, the Declaration of Independence, and the Northwest Ordinance.[3] *Id.* at 2 n.1.  However, none of these referenced materials are money-mandating sources of substantive law, nor do they provide for the damages requested in Mr. Chism's Complaint.  *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("To be cognizable under the Tucker Act, the claim must be for money damages against the United States, and the substantive law must be money-mandating."); *Lord Noble Kato Bakari El v. United States*, 127 Fed. Cl. 700, 705 (2016) (holding the Articles of Confederation, having been replaced by the United States Constitution, are not a valid source of law); *Canuto v. United States*, 673 F. App'x 982, 985 (Fed. Cir. 2016) ("[T]he Declaration of Independence is not a money-mandating source of law."); *Dooly v. United States*, No. 22-1355C, 2022 WL 17752258, at *4 (Fed. Cl. Dec. 19, 2022) (declining to recognize the Northwest Ordinance as a money-mandating source of substantive law).

Second, Mr. Chism alleges violations of myriad constitutional provisions, including the Preamble; Article I, Section 8, Clauses 6, 10, and 17; Article I, Section 9, Clause 13; and Section 3 of Article III.  *See* ECF No. 1 at 3–5.  Given their subject matter, none of these provisions can be fairly interpreted as money-mandating.  *See Barksdale v. United States*, No. 14-6C, 2014 WL

---

[3] The "compact documents" also include the Constitution, which is discussed more specifically below.

1910577, at *2 (Fed. Cl. May 12, 2014) (holding the Preamble to the Constitution is not money mandating); *Dooly*, 2022 WL 17752258, at *3 (holding that Article I, Section 8, Clauses 6, 10, and 17; Article I, Section 9, Clause 13; and Section 3 of Article III cannot be interpreted as money-mandating).  Mr. Chism also alleges a violation of Articles IV and VI of the Constitution.  ECF No. 1 at 4–5.  These provisions likewise do not state that money damages must be awarded for any violation of the sections therein.  *See Kennedy v. United States*, No. 18-826C, 2018 WL 3214115, at *2 (Fed. Cl. June 29, 2018) (dismissing claims brought under Article IV); *Edwards v. United States*, No. 15-580C, 2015 WL 6560547, at *3 (Fed. Cl. Oct. 29, 2015) (dismissing claims brought under Article VI).  And the First and Seventh Amendments, which Mr. Chism also cites (*see* ECF No. 1 at 6), are similarly not money mandating and thus not within the Court's jurisdiction.[4]  *Barksdale*, 2014 WL 1910577, at *2 (dismissing claims brought under the First and Seventh Amendments) *aff'd*, 582 F. App'x 890 (Fed. Cir. 2014); *see Abbas v. United States*, 124 Fed. Cl. 46, 55–56 (2015) (holding claims arising under the Seventh Amendment are not money mandating).

Accordingly, as Mr. Chism fails to set forth a money-mandating source of substantive law as the basis for his claims, his Complaint must be dismissed.

---

[4] To the extent Mr. Chism's Complaint asserts a Section 1983 claim based on alleged constitutional violations committed by the state officials involved in his arrest and prosecution, exclusive jurisdiction is vested in the federal district courts.  *See Connor v. United States*, 641 F. App'x 972, 975 (Fed. Cir. 2016) ("We agree with the Claims Court that it lacks jurisdiction over . . . § 1983 claims because the federal district courts possess exclusive jurisdiction over such matters."); *Elkins v. United States*, 229 Ct. Cl. 607, 608 (1981) ("[W]e do not have jurisdiction over claims based upon alleged violations of the civil rights laws." (citation omitted)); *Johnson v. United States*, 135 Fed. Cl. 565, 575 (2017) ("Section 1343 of Title 28 provides the federal District Courts original jurisdiction over any relief requested under an 'Act of Congress providing for the protection of civil rights.'" (citations omitted)).

### C. The Court Does Not Have Authority to Grant Mr. Chism's Request for Non-Monetary Relief.

The Court also lacks the power to issue an order compelling the return of Mr. Chism's gun. *See* ECF No. 1 at 6. Even assuming the Court had subject-matter jurisdiction over Mr. Chism's claims, the Tucker Act provides for equitable relief only in limited circumstances in actions asserted under § 1491(a)(1). *See* 28 U.S.C. § 1491(a)(2) (permitting the Court, "as an incident of and collateral to any such judgment, [to] issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records"). In simple terms, the Court lacks authority to award non-monetary relief "unless it is tied and subordinate to a money judgment.'" *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) (quoting *Austin v. United States*, 206 Ct. Cl. 719, 723 (1975)). The Federal Circuit has acknowledged that the type of non-monetary relief sought by Mr. Chism does not fall within the Court's limited equitable powers. *See Cermak v. Babbitt*, 234 F.3d 1356, 1363–64 (Fed. Cir. 2000) (acknowledging that the Court of Federal Claims cannot order the return of property); *Carter v. United States*, 62 Fed. Cl. 365, 368 (2004) (holding the court lacks jurisdiction over a claim for the return of property seized by the Government during a criminal investigation).

### III. CONCLUSION

For the reasons set forth above, Mr. Chism's IFP Application (ECF No. 9) is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE** under RCFC 12(h)(3) for lack of subject-matter jurisdiction. The Clerk is directed to enter judgment accordingly.

SO ORDERED.

Dated: December 21, 2023

*/s/ Kathryn C. Davis*
KATHRYN C. DAVIS
Judge